IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JULIE RUTH VROOMAN,

    Plaintiff,

v.                                     CASE NO. 5:11-cv-227-RS-EMT

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER

Before me are Defendant's Motion to Dismiss (Doc. 8) and Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. 9).

## I. Standard of Review

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir.

2000)(citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## **II. Background**

On July 1, 2009, Plaintiff was flying to Memphis out of the Panama City-Bay County Airport. When going through security, an employee of the Transportation Security Administration ("TSA") instructed Plaintiff to place her baggage on the conveyor belt to be scanned by an x-ray machine. Plaintiff noticed that a perfume bottle had fallen out of her baggage and onto the conveyor belt. She asked the TSA employee if she should retrieve the bottle, and the employee replied that she should. When Plaintiff reached for the perfume bottle, her left hand became entangled in the conveyor belt causing her to sustain permanent and serious injuries to her left hand.

Plaintiff brought this action alleging that TSA, through the actions of its employees, servants, or agents, was negligent in: (1) maintaining the conveyor belt and x-ray machine in a dangerous and defective condition, (2) failing to warn Plaintiff of the dangerous and defective condition of the conveyor belt and x-ray machine, and (3) failing to properly train its employees in the use and maintenance of the conveyor belt and x-ray machine. Defendant now brings this motion to dismiss.

### III. Analysis

Defendant's two main arguments are that (1) Plaintiff failed to exhaust her administrative remedies and (2) Plaintiff's claim is barred by discretionary function immunity. Defendant argues that because Plaintiff's administrative claim only alleged negligence in allowing the public access to the conveyor belt and failing to warn, her claims of negligent maintenance of the conveyor belt and failing to properly train the employees in the use and maintenance of the conveyor belt and x-ray machine should be dismissed for failing to exhaust administrative remedies.

A plaintiff bringing a claim against the United States under the Federal Tort Claims Act ("FTCA") must present the claim to the appropriate federal agency and either wait for the agency to deny the claim or for the agency to fail to dispose of the claim within six months before a district court has jurisdiction over the action. 28 U.S.C. § 2675(a) (2010). The Eleventh Circuit has held that:

> [A] claimant must give an administrative agency only enough information to allow the agency to "begin its own investigation" of the alleged events and explore the possibility of settlement. We do not require the claimant to provide the agency with a preview of his or her lawsuit by reciting every possible theory of recovery or every factual detail that might be relevant. In short, the amount of information required is "minimal."

*Burchfield v. United States,* 168 F.3d 1252 (11th Cir. 1999)(internal citations omitted).

Plaintiff's administrative claim described the date, time, and location of the incident as well as the factual details alleging that the airline and airport were negligent. (Doc. 8, Ex. 1). This is sufficient to meet the standard for exhausting administrative remedies described in *Burchfield*.

Defendant also argues that the claim is barred by discretionary function immunity, which states that:

> Any claim based upon an act or omission of an employee of the Government, *exercising due care*, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved by abused.

28 U.S.C. § 2680 (2010)(emphasis added). Because Plaintiff's cause of action relies entirely on a negligence theory, implying that an employee of the Government was *not* exercising due care, the discretionary function immunity does not apply.

Even if that were not the case, the Supreme Court established a two-prong test for determining whether the discretionary function exception to sovereign immunity applies. *See United States v. Gaubert,* 499 U.S. 315, 322 (1991). First, the court must determine whether the conduct or judgment of the employee was discretionary in nature. *Id.* "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option

4

but to adhere to the directive.' " *Id.* (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). There is no federal statute, regulation, or policy applicable in this case. Therefore, the employee's conduct or judgment was discretionary in nature and meets the first prong of the test.

However, the second prong requires the court to "decide 'whether that judgment is of the kind that the discretionary function exception was designed to shield,' i.e., whether it is 'susceptible to policy analysis.' " *U.S. Aviation Underwriters, Inc. v. United States*, 563 F.3d 1297, 1299 (11th Cir. 2009)(quoting *Gaubert*, 499 U.S. 315, 322, 325 (1991)). "[T]he Supreme Court has characterized the ultimate question as whether the 'challenged acts … are of the nature and quality that Congress intended to shield from tort liability.' " *Id.* (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 813 (1984)).

In a slip-and-fall incident that occurred in Connecticut where the plaintiff alleged similar negligence claims against TSA, the District Court concluded that the discretionary function exception did not apply because the "TSA agents, even though tasked with ensuring airport security, watched as a dangerous, chaotic situation developed at their checkpoint and negligently failed to respond but could have done so without compromise to their security-monitoring function." *Pudeler v. United States*, 2010 WL 3926030, at *4 (D. Conn. 2010).

The same logic can be applied in this case.  Although TSA employees undoubtedly must protect the safety of travelers, this duty does not alleviate the general duty to take measures against dangerous conditions.  A negligence cause of action, such as this one, is not tied to a policy decision that would invoke the discretionary function exception.  Therefore, the second prong of the test is not met, and the discretionary function exception does not apply.

### IV. Conclusion

Defendant's Motion to Dismiss is **DENIED**.

**ORDERED** on November 28, 2011.

>**/s/ Richard Smoak**
>**RICHARD SMOAK**
>**UNITED STATES DISTRICT JUDGE**